Case 6:25-mj-06146-BGS   Document 1   Filed 07/30/25   Page 1 of 19

FILED
U.S. District Court
District of Kansas

7/30/2025

Clerk, U.S. District Court
By_____mv_____Deputy Clerk

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Kansas

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 25-M-__6146__-01-BGS
INFORMATION ASSOCIATED WITH THE GOOGLE )
ACCOUNTS:emmysticks696@gmail.com and )
leamary900@gmail.com THAT IS STORED AT PREMISES )
CONTROLLED BY: GOOGLE LLC )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
  INFORMATION ASSOCIATED WITH THE GOOGLE ACCOUNTS:emmysticks696@gmail.com and leamary900@gmail.com THAT IS STORED AT PREMISES CONTROLLED BY: GOOGLE LLC

located in the ____Northern____ District of ____California____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  ☑ evidence of a crime;
  ☑ contraband, fruits of crime, or other items illegally possessed;
  ☑ property designed for use, intended for use, or used in committing a crime;
  ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2251, 2252 and 2252A | Sexual exploitation of children; Receipt and distribution of child pornography; Possession of child pornography |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Brittany A. Bayles
*Applicant's signature*

Brittany A. Bayles, SA, FBI
*Printed name and title*

Sworn to me and signed via Zoom.

Date: __7/30/2025__

/s/ Brooks Severson
*Judge's signature*

City and state: Wichita, Kansas        Honorable Brooks G. Severson, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE GOOGLE ACCOUNTS:<br><br>**emmysticks696@gmail.com**<br>**leamary900@gmail.com**<br><br>THAT IS STORED AT PREMISES CONTROLLED BY: GOOGLE LLC | Case No. 25-6146-01-BGS |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Brittany A. Bayles, Special Agent of the Federal Bureau of Investigation, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I have been employed as a Special Agent of the FBI since February 2022. I am currently assigned to the FBI Kansas City Division, Wichita Resident Agency. As a Special Agent of the FBI, I am authorized to investigate violations of laws of the United States, and I am a law enforcement officer with authority to execute arrest and search warrants under the authority of the United States, including violations of Title 18 United States Code §§ 2251, United States Code § 2252, and United States Code § 2252A. I have participated in a wide variety of criminal investigations, to include violent crime, crimes against children, human trafficking, drug trafficking, white collar crimes, and other federal crimes. I have participated in the preparation and execution of many search warrants, including, but not limited to, those involving the sexual exploitation of minors and certain activities relating to material constituting or containing child pornography.

2.      I make this affidavit in support of an application for a search warrant for information associated with "**emmysticks696@gmail.com**" and "**leamary900@gmail.com**" **(TARGET ACCOUNTS)** that is stored at premises owned, maintained, controlled, or operated by Google LLC **AND** Google Payment Corporation ("Google"), an electronic communications service and/or remote computing service provider headquartered at 1600 Amphitheater Parkway, Mountain View, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

3.      The information in this affidavit is information known to me as a result of my participation in this investigation or is information that has been communicated to me by other law enforcement investigators involved in this investigation. Since this affidavit is being submitted for the limited purpose of supporting a search warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only those facts that I believe are necessary to establish the existence of probable cause to support a search warrant.

4.      As will be shown below, there is probable cause to believe that the identified Google Accounts described in Attachment A will contain evidence of the receipt, possession, production, and/or distribution of obscene visual representations of the sexual abuse of children, in violation of Title 18, United States Code § 2251, United States Code § 2252, and United States Code § 2252A. I submit this application and affidavit in support of a search warrant authorizing

2

the search of the Google Accounts described in Attachment A. I seek authorization to seize and examine evidence, fruits, and instrumentalities of the foregoing criminal violations, which relate to the aforementioned criminal violations, and as further described in Attachment B.

## INVESTIGATION/PROBABLE CAUSE

5. On or about June 10, 2025, at approximately 1:31 p.m., El Dorado Police Department responded to a report of a self-inflicted gunshot wound at a residence in El Dorado, Kansas, located in Butler County, Kansas within the District of Kansas. Upon arrival, emergency services located minor victim (MV) with a gunshot wound to the head. Life saving measures were attempted, however, MV ultimately succumbed to the injuries.

6. Investigators located a black Apple iPhone in the bathroom of the residence where MV was located. After further information was obtained by MV's family that the phone belonged to MV, the phone was collected as evidence and a digital forensic extraction of the phone was completed.

7. Upon review of the digital forensic extraction, it was discovered MV had been contacted by a user on TikTok on June 10, 2025. This TikTok user was identified as "@rebah_001" with the user ID 7117910611488637953 and a display name of "Anna Sarah". This user (hereinafter "SARAH") sent a message request to MV at approximately 9:50 a.m. (CST).

8. On or about June 10, 2025, at approximately 12:34 p.m. (CST), MV accepted the message request and began communicating with SARAH. During conversation, MV provided information of MV's location and age. SARAH advised they were the same age as MV. At approximately 12:46 p.m. (CST), SARAH requested MV's iMessage number and moved the conversation to iMessages.

9.      On or about June 10, 2025, at approximately 12:47 p.m. (CST), MV received an iMessage from SARAH using 'sarahanna123890@gmail.com'. MV and SARAH began communicating and SARAH quickly asked MV for a picture. Once MV sent the picture, SARAH asked MV to play a game called "sex pic nude exchange." SARAH told MV there will be no saving and no screenshots. MV refused, telling SARAH it was weird and asked to play a different game. SARAH insisted on MV going to the toilet and taking a picture of MV's genital area with MV's face visible. MV complied with SARAH's demand.

10.     On or about June 10, 2025, at approximately 1:12 p.m. (CST), SARAH sent MV a collage of the pictures MV sent to include the sexually explicit picture. SARAH threatened to post the pictures online if MV did not pay money. SARAH demanded MV pay $100. MV advised MV only had $46 in cash, to which SARAH demanded MV send $50. MV reiterated that MV only had cash. SARAH demanded MV go to the store and buy an Apple or Steam gift card. MV advised that MV did not live close to a store, and MV was not able to go. MV pleaded with SARAH to allow MV to go to the store the following day.

11.     On or about June 10, 2025, at approximately 1:13 p.m. (CST), MV threatened to commit suicide with MV's father's gun. MV sent a picture of a rifle-style firearm to SARAH. SARAH advised SARAH did not care and that SARAH would still post MV's pictures. For approximately nine more minutes, MV pleaded with SARAH not to post the pictures, promising that MV would go to the store the following day to get the gift card.

12.     On or about June 10, 2025, at approximately 1:25 p.m. (CST), MV sent one last text message stating, "I live so far from those". SARAH sent multiple text messages and made multiple phone calls for approximately 49 more minutes.

13. On or about June 13, 2025, El Dorado Police Department obtained a search warrant in the District Court of Butler County, Kansas for the iMessage account 'sarahanna123890@gmail.com'. The search warrant was served to Apple Inc. on the same day.

14. On or about July 2, 2025, El Dorado Police Department received records from Apple Inc. related to the search warrant. Upon review of the records, two additional Google accounts were listed: a primary verified account listed as '**emmysticks696@gmail.com**', and an additional verified account listed as '**leamary900@gmail.com**' (**TARGET ACCOUNTS**). The records from Apple also indicated phone numbers and IP addresses resolving to the country of Nigeria.

15. Further review of the records indicated 'sarahanna123890@gmail.com' had been in contact with several other individuals with Kansas area-code phone numbers, indicating the account may have been targeting other minors located in the District of Kansas and United States.

16. Based on information provided by Apple, your affiant utilized a law enforcement database to determine if any of the identifiers (such as phone numbers, accounts, or IP addresses) were associated with CyberTips submitted to the National Center for Missing and Exploited Children (NCMEC). Your affiant found many CyberTips that indicated the user (or users) of the TARGET ACCOUNTS and other associated identifiers were involved in persistent sextortion of minors. For example, your affiant found a CyberTip submitted by Instagram on February 12, 2025, reporting an account utilizing '**leamary900@gmail.com**' had uploaded child sexual abuse material (CSAM) during a separate sextortion incident. Likewise, your affiant found another CyberTip submitted by Instagram on April 25, 2025, reporting '+2348029152624' uploading CSAM to the platform. '+2348029152624' is the phone number that was associated with **SARAH**'s iMessage account. That phone number resolves to Nigeria.

5

17.     Based on my training and experience, sextortion subjects will create an online persona mirroring a similar age to their victims, specifically minors. Subjects will attempt to build a line of trust with the victims in attempt to obtain photographs. In many cases, subjects will request a photograph of the victim's face followed by sexually explicit photographs of their genitals. Subjects will threaten to either post these photographs online or send the photographs to the victim's friends and family if the demands are not met. Many subjects will request money via a mobile payment application such as Venmo or CashApp, while others demand the victim's purchase gift cards such as Apple or Steam. Subjects will request the victims to send a photograph of the receipt and gift card in order to use the prepaid amount issued on the card.

18.     Based on my training and experience, it is common for sextortion schemes to have multiple subjects involved. Subjects have been known to utilize hacking methods to take over social media accounts and use those accounts to contact victims or sell the accounts to other subjects to make a profit. It is common for subjects to utilize several different email accounts and phone numbers in attempt to mask their identity.

19.     Based on my observations of the records, reports and communications in this case, the user(s) of the **TARGET ACCOUNTS** appear to be operating the **TARGET ACCOUNTS** as part of a continuing effort to undertake sextortion schemes against minors in the District of Kansas and elsewhere. It is likely the **TARGET ACCOUNTS** will contain evidence associated with this criminal conduct occurring in the District of Kansas, and may contain further evidence that may be used to identify the users, other accounts, or other targeted minors, all of which would be material to the investigation into the targeting of MV, described above.

## BACKGROUND CONCERNING GOOGLE[1]

20. Google is a United States company that offers to the public through its Google Accounts a variety of online services, including email, cloud storage, digital payments, and productivity applications, which can be accessed through a web browser or mobile applications. Google also offers to anyone, whether or not they have a Google Account, a free web browser called Google Chrome, a free search engine called Google Search, a free video streaming site called YouTube, a free mapping service called Google Maps, and a free traffic tracking service called Waze. Many of these free services offer additional functionality if the user signs into their Google Account.

21. In addition, Google offers an operating system ("OS") for mobile devices, including cellular phones, known as Android. Google also sells devices, including laptops, mobile phones, tablets, smart speakers, security cameras, and wireless routers. Users of Android and Google devices are prompted to connect their device to a Google Account when they first turn on the device, and a Google Account is required for certain functionalities on these devices.

22. Signing up for a Google Account automatically generates an email address at the domain gmail.com. That email address will be the log-in username for access to the Google Account.

23. Google advertises its services as "One Account. All of Google working for you." Once logged into a Google Account, a user can connect to Google's full suite of services offered

---

[1] The information in this section is based on information published by Google on its public websites, including, but not limited to, the following webpages: the "Google legal policy and products" page available to registered law enforcement at lers.google.com; product pages on support.google.com; or product pages on about.google.com.

to the general public, described in further detail below. In addition, Google keeps certain records indicating ownership and usage of the Google Account across services, described further after the description of services below.

24. The following services are requested from Google LLC:

   a. User-provided name, Account email address(s), Account status (e.g. enabled), Google services used by account, Recovery email(s) and SMS recovery number(s), Account creation and Time, Terms of service IP address, date, time, Language, Google Account ID (an internal Google identifier for the account), Last logins to the account, including IP address, date, and time, Accounts associated with a particular device, SMS recovery number, IMEI, or Android ID, Credit card numbers and transaction records associated with account(s).

   b. Email headers, Access and activity logs, Deletion and change logs, Accounts associated by cookie, SMS number, recovery email, or IP address, Google play store records of applications purchased or installed on a particular device, Device records.

   c. Address book information, Content (e.g., emails, videos, pictures, files, messages, voicemails, etc.), Location history, Search and browsing history, Accounts recorded in a geographic area at a discrete time (geofence), Accounts that searched certain terms at a discrete time (search of searches).

25. Google integrates its various services to make it easier for Google Accounts to access the full Google suite of services. For example, users accessing their Google Account through their browser can toggle between Google Services via a toolbar displayed on the top of most Google service pages, including Gmail and Drive. Google Hangout, Meet, and Chat conversations pop up within the same browser window as Gmail. Attachments in Gmail are displayed with a button that allows the user to save the attachment directly to Google Drive. If someone shares a document with a Google Account user in Google Docs, the contact information for that individual will be saved in the user's Google Contacts. Google Voice voicemail transcripts and missed call notifications can be sent to a user's Gmail account. And if a user logs into their

8

Google Account on the Chrome browser, their subsequent Chrome browser and Google Search activity is associated with that Google Account, depending on user settings.

26.     When individuals register with Google for a Google Account, Google asks users to provide certain personal identifying information, including the user's full name, telephone number, birthday, and gender. If a user is paying for services, the user must also provide a physical address and means and source of payment.

27.     Google typically retains and can provide certain transactional information about the creation and use of each account on its system. Google captures the date on which the account was created, the length of service, log-in times and durations, the types of services utilized by the Google Account, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Google's website or using a mobile application), details about the devices used to access the account, and other log files that reflect usage of the account. In addition, Google keeps records of the Internet Protocol ("IP") addresses used to register the account and accept Google's terms of service, as well as the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the Google Account.

28.     Google maintains the communications, files, and associated records for each service used by a Google Account on servers under its control. Even after a user deletes a communication or file from their Google Account, it may continue to be available on Google's servers for a certain period of time.

29.     In my training and experience, evidence of who was using a Google account and from where, and evidence related to criminal activity of the kind described above, may be found

9

in the files and records described above. This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion.

30. Based on my training and experience, messages, emails, voicemails, photos, videos, documents, and internet searches are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation. Thus, stored communications and files connected to a Google Account may provide direct evidence of the offenses under investigation.

31. In addition, the user's account activity, logs, stored electronic communications, and other data retained by Google can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, subscriber information, email and messaging logs, documents, and photos and videos (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the account at a relevant time. As an example, because every device has unique hardware and software identifiers, and because every device that connects to the Internet must use an IP address, IP address and device identifier information can help to identify which computers or other devices were used to access the account. Such information also allows investigators to understand the geographic and chronological context of access, use, and events relating to the crime under investigation.

32. Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation. For example, information on the account may indicate the owner's motive and intent to commit a crime (*e.g.,* information indicating a plan

10

to commit a crime), or consciousness of guilt (*e.g.,* deleting account information in an effort to conceal evidence from law enforcement).

33.     Other information connected to the use of a Google account may lead to the discovery of additional evidence. For example, the apps downloaded from the Google Play store may reveal services used in furtherance of the crimes under investigation or services used to communicate with co-conspirators. In addition, emails, instant messages, Internet activity, documents, and contact and calendar information can lead to the identification of co-conspirators and instrumentalities of the crimes under investigation.

34.     Therefore, Google's servers are likely to contain stored electronic communications and information concerning subscribers and their use of Google services. In my training and experience, such information may constitute evidence of the crimes under investigation including information that can be used to identify the account's user or users.

## **CONCLUSION**

35.     Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe on the computer systems in the control of Google LLC and Google Payment Corporation there exists evidence of crime, Title 18, United States Code § 2251, United States Code § 2252, and United States Code § 2252A. Accordingly, a search warrant is requested.

36.     This Court has jurisdiction to issue the request warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(C)(1)(A). Specifically, the court is a "district court of the United States that has jurisdiction over the offense being investigated," 18 U.S.C. § 2711(3)(A)(i).

37.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer not required for the service or execution of this warrant.

*Brittany A. Bayles*
Brittany A. Bayles
Special Agent
Federal Bureau of Investigation

Sworn to me via Zoom on this 30th day of July, 2025.

*Brooks Severson*
HONORABLE BROOKS G. SEVERSON
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with **emmysticks696@gmail.com** and **leamary900@gmail.com**, (TARGET ACCOUNTS) that is stored at premises owned, maintained, controlled, or operated by Google LLC **and** Google Payment Corporation, a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be disclosed by Google LLC AND Google Payment Corporation ("Google")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Google, Google is required to disclose to the government for each account or identifier listed in Attachment A the following information from the creation of account to present, unless otherwise indicated:

    a.    All business records and subscriber information, in any form kept, pertaining to the Account, including:

        1.    Names (including subscriber names, usernames, and screen names);

        2.    Addresses (including mailing addresses, residential addresses, business addresses, and email addresses, including alternate and recovery email addresses);

        3.    Telephone numbers, including SMS recovery and alternate sign-in numbers;

        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions, including log-in IP addresses;

        5.    Telephone or instrument numbers or other subscriber numbers or identities, including any temporarily assigned network address, SMS recovery numbers, Google Voice numbers, and alternate sign-in numbers

        6.    Length of service (including start date and creation IP) and types of service utilized;

        7.    Means and source of payment (including any credit card or bank account number); to identify potential purchases of child sexual abuse material and the accounts that were linked to that purchase; and

  8. Change history; tool used to list the changes a user has made to their account during the past two years.

b.  All device information associated with the Account, including but not limited to, manufacture names, model numbers, serial number, media access control (MAC) addresses, international mobile equipment identifier (IMEI) numbers, FCC ID numbers, Android IDs, and telephone numbers;

c.  Records of user activity for each connection made to or from the Account(s), including, for all Google services, the date, time, length, and method of connection, data transfer volume, usernames, source and destination IP address, name of accessed Google service, and all activity logs

d.  The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, and deleted emails; attachments; the source and destination addresses associated with each email; the size, length, and timestamp of each email; and true and accurate header information including the actual IP addresses of the sender and recipients of the emails

e.  Any records pertaining to the user's contacts, including: address books; contact lists; social network links; groups, including Google Groups to which the user belongs or communicates with; user settings; and all associated logs and change history

f.  The contents of all text, audio, and video messages associated with the account, including Chat, Duo, Hangouts, Meet, and Messages (including SMS, MMS, and RCS), in any format and however initially transmitted, including, but not limited to: stored, deleted, and draft messages, including attachments and links; the source and destination addresses associated with each communication, including IP addresses; the size, length, and timestamp of each communication; user settings; and all associated logs, including access logs and change history.

g.  The contents of all records associated with the account in Google Drive (including Docs, Sheets, Forms, and Slides) and Google Keep, including: files, folders, media, notes and note titles, lists, and other data uploaded, created, stored, or shared with the account including drafts and deleted records; the creation and change history of each record; accounts with access to or which previously accessed each record; any location, device, other Google service (such as Google Classroom or Google Group), or third party application associated with each record; and all associated logs, including access logs and IP addresses, of each record.

h.  The contents of all media associated with the account in Google Photos, including: photos, GIFs, videos, animations, collages, icons, or other data uploaded, created, stored, or shared with the account, including drafts and deleted records; accounts with access to or which previously accessed each record; any location, device, or

2

        third-party application data associated with each record; and all associated logs of each record, including the creation and change history, access logs, and IP addresses.

i.      All maps data associated with the account, including Google Maps and Google Trips, including: all saved, starred, and privately labeled locations; search history; routes begun; routes completed; mode of transit used for directions; My Maps data receiving or sending Location Sharing information to the account; changes and edits to public places; and all associated logs, including IP addresses, location data, and timestamps, and change history.

j.      All Location History and Web & App Activity indicating the location at which the account was active, including the source of the data, date and time, latitude and longitude, estimated accuracy, device and platform, inferences drawn from sensor data (such as whether a user was at rest, walking, biking, or in a car), and associated logs and user settings, including Timeline access logs and change and deletion history.

k.      All payment and transaction data associated with the account, such as Google Pay and Google Wallet, including: records of purchases, money transfers, and all other transactions; address books; stored credit; gift and loyalty cards; associated payment cards, including any credit card or bank account number, PIN, associated bank, and other numbers; and all associated access and transaction logs, including IP address, time stamp, location data, and change history;

l.      All internet search and browsing history, and application usage history, including Web & App Activity, Voice & Audio History, Google Assistant, and Google Home, including: search queries and clicks, including transcribed or recorded voice queries and Google Assistant responses; browsing history, including application usage; bookmarks; passwords; autofill information; alerts, subscriptions, and other automated searches, including associated notifications and creation dates; user settings; and all associated logs and change history.

m.     All activity: All activity relating to Google Play, including: downloaded, installed, purchased, used, and deleted applications, movies, music, television shows, books, magazines, and other files; details of the associated device and Android ID for each application, medium, or file; payment transactions; user settings; and all associated logs, including IP addresses, timestamps, and change history.

n.     All Google Voice records associated with the account, including: forwarding and other associated telephone numbers, connection records; call detail records; SMS and MMS messages, including draft and deleted messages; voicemails, including deleted voicemails; user settings; and all associated logs, including access logs, IP addresses, location data, timestamps, and change history.

    o.    The contents of all media associated with the account on YouTube, whether active, deleted, or in draft, including: copies of videos and other media only if uploaded to, saved to, shared by or shared Google with the account; playlists; connected applications; associated URLs for each record; creation and change history; privacy settings for each record; and all associated logs, including IP addresses, locations, timestamps, and device identifiers; A record of the account's YouTube Watch History, including: accessed URLs and their associated duration, privacy settings, edits, comments, likes, chats, and other interactions, including associated URLs; search history; channels; subscriptions; subscribers, friends, and other contacts; IP addresses, change history, location information, and uploading account or identifier; the logs for each access by the account, including IP address, location, timestamp, and device identifier; and change history. Records associated with the account's YouTube registration, including the account's display name, IP logs, channel ID, account registration information, and registration email.

Google is hereby ordered to disclose the above information to the government within **14** days of issuance of this warrant.

**Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence, and/or instrumentalities of violations of Title 18, United States Code §§ 2251, 2252, 2252A, those violations involving **TARGET ACCOUNTS,** and occurring since creation of the account including, for the account listed on Attachment A, information pertaining to the following matters:

    a.    Communications of child pornography, sexual abuse of minors, or any indication of relevant involvement within these crimes.

    b.    Evidence indicating how and when the Account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

    c.    Evidence indicating the Account owner's state of mind as it relates to the crime under investigation;

    d.    The identity of the person(s) who created or used the Account, including records that help reveal the whereabouts of such person(s).

This warrant authorizes a review of electronically stored information, communications, other records, and information disclosed pursuant to this warrant in order to locate evidence, fruits,

and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.